■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD R. NEMIRE, Appellant.— Appeals from orders of the County Court of Broome County, each of which denied, without a hearing, an application in the nature of a writ of error *coram nobis*. We find legally insufficient to afford any basis for relief the allegations set forth as "Point 2" of the petition of June 27, 1961, the basic allegations being that in 1945, while defendant was confined in the county jail, "he was constantly advised and informed, by several deputies, employed there that the only thing he could do was to plead guilty when he appeared before the County Judge, because if he did not he would go to prison for a long time." There is not, and legitimately could not be, any suggestion that the statements constituted or implied threats made by any person able to enforce them or promises made by anyone capable of performing them. Neither is it suggested that the deputies claimed to be, or were acting for anyone in authority. We do not consider that any constitutional right was impaired by denial of a hearing upon a petition which, some 16 years after the event, alleged that unnamed jail attendants predicted the degree of defendant's punishment, should he be convicted otherwise than by a plea of guilty. The additional grounds for relief urged in the petitions are also without merit and do not require discussion. Orders unanimously affirmed. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD B. NICKERSON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— This is an appeal from an order denying an application for a writ of habeas corpus. The appellant, on January 15, 1953, was sentenced to a term of 5 to 10 years following a plea of guilty to assault, first degree, and to a term of 3½ to 7 years upon a plea of guilty to violation of subdivision 5-a of section 1897 of the Penal Law, carrying a concealed weapon without license. The petition for the issuance of a writ was based on a claim that since he pleaded guilty to assault in the first degree while carrying a loaded firearm, he could not be convicted and sentenced for violation of subdivision 5-a of section 1897 of the Penal Law, as it was the same weapon referred to in both counts of the indictment. There is no merit to the appellant's contention. The carrying of a concealed weapon without a permit in no way related to the assault with the use of a deadly weapon and he could be convicted of either count in the indictment without any relation to the remaining count. Section 1938 comes into play when the crimes charged are so interrelated that a conviction could not be had on one charge without the other. Such is not the situation here. (See *People ex rel. Hardin* v. *Jackson*, 8 A D 2d 575; motion for leave to appeal denied 6 N Y 2d 707.) The cases cited by the appellant in his brief do not support his contention. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.